**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MULBERRY DEVELOPMENT, LLC,<br><br>Debtor. | FOR PUBLICATION<br><br>Case No. 24-11010 (MG)<br><br>Chapter 7 |

**MEMORANDUM OPINION AND ORDER GRANTING**
**CHAPTER 7 TRUSTEE'S MOTION TO DISMISS THE CHAPTER 7 CASE**

*A P P E A R A N C E S:*

TOGUT SEGAL & SEGAL, LLP
*Counsel for Albert Togut Solely in His Capacity as Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, NY 10119
By:   Neil Berger, Esq.
        Eitan Blander, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion of Albert Togut, the chapter 7 Trustee (the "Trustee") of the estate of Mulberry Development, LLC (the "Debtor") seeking entry of an order dismissing this chapter 7 case (the "Motion," ECF Doc. # 47). Additionally, creditor TSFV Holdings, LLC, on its own behalf and on behalf of Peak Performance NYC, LLC (together, "TSFV"), submits a joinder (the "Joinder," ECF Doc. #48) to the Motion.

For the reasons discussed below, the Motion is **GRANTED.**

## I.   BACKGROUND

### A.   General Background

On January 7, 2024 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition (the "Petition") for relief, signed by Robert LaVecchia in his capacity as the Debtor's President.

(ECF Doc. # 1)  The Trustee was appointed as the interim chapter 7 trustee of the Debtor. (Motion ¶ 4.)

At the time of the filing, the Debtor was represented by the Law Offices of Rachel S. Blumenfeld.  (*Id*. ¶ 2.)  The Court relieved Ms. Blumenfeld as counsel to the Debtor by an order dated December 18, 2024.  (ECF Doc. # 36.)  Accordingly, the Debtor is currently not represented by counsel.  (Motion ¶ 2.)

The Debtor's Statement of Financial Affairs filed with the Petition disclosed that the Debtor is a defendant in multiple state court litigations, including an action commenced in the New York State Supreme Court by TSFV (the "TSFV Litigation").  (*Id*. ¶ 3.)  LaVecchia is a co-defendant in the TSFV Litigation.  (*Id*.)

B. **Section 341 Meeting**

On the Petition Date, the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines* was served on the Debtor and all the Debtor's known creditors, setting the initial meeting of creditors pursuant to 11 U.S.C. § 341 (the "Section 341 Meeting") for July 17, 2024. (ECF Doc. # 2.)

On June 13, 2024, the Trustee sent an email to Debtor's counsel requesting the production of documents, including bank statements, tax returns, and proof of identity, in advance of the Section 341 Meeting (the "Initial Demand").  (Motion ¶ 6.)  On July 10, 2024, the Trustee sent a demand letter to Debtor's counsel supplementing the Initial Demand for the production of documents (collectively, the "Requested Documents").  (*Id*. ¶ 8.)

The Debtor failed to produce any of the Requested Documents before the scheduled July 17, 2024, Section 341 Meeting.  (*Id*. ¶ 9.)  The Section 341 Meeting was adjourned to August 21, 2024. (ECF Doc. # 15)  The Debtor again failed to provide any of the Requested Documents

2

before the scheduled August 21, 2024, Section 341 Meeting. (Motion ¶ 10.) The Section 341 Meeting was adjourned again to September 18, 2024. (ECF Doc. # 21) On the evening of August 21, 2024, the Debtor provided certain documents and information; however, the Debtor still failed to provide the bulk of the Requested Documents. (Motion ¶ 11.) Thus, the Section 341 Meeting was adjourned once more to October 16, 2024. (ECF Doc. # 22)

On September 26, 2024, the Trustee filed a motion (the "Designation Motion," ECF Doc. # 23) seeking an order: (a) designating LaVecchia as the Debtor's representative; and (b) compelling him to (i) produce the Requested Documents, (ii) appear for examination under oath at the Section 341 Meeting, and (iii) otherwise cooperate with the Trustee. (Motion ¶ 12.) On October 11, 2024, the Court entered an order granting the Designation Motion (the "Designation Order," ECF Doc. # 26) and designated LaVecchia as the person responsible for performing the Debtor's duties and directing him to take all reasonably necessary steps to obtain the Requested Documents and to produce them to the Trustee no later than seven days before the next scheduled Section 341 Meeting. (Motion ¶ 13.)

Notwithstanding the entry of the Designation Order, the Debtor has failed to produce the Requested Documents, resulting in the Section 341 Meeting being adjourned multiple times, including on November 20, 2024; December 18, 2024; January 15, 2025; and February 19, 2025. (ECF Doc. # 25, 34, 38, 45.) Therefore, to date, the Debtor has never been examined. (Motion ¶ 15.)

3

### C. TSFV's Previous Motions

TSFV has filed several motions in this case, each of which is addressed in turn.

On June 17, 2024, TSFV filed a motion seeking confirmation that the automatic stay is not in effect as to the TSFV Litigation and does not extend to LaVecchia, which the Court granted on July 8, 2024. (ECF Doc. ## 7, 14.)

On October 11, 2024, the same day the Court entered the Designation Order, TSFV filed an *ex parte* motion for an order authorizing TSFV to issue a subpoena under Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for examination of LaVecchia in his capacity as President of the Debtor (the "TSFV 2004 Motion," ECF Doc. # 27). (Motion ¶ 14.) On October 29, 2024, the Court entered an order granting the TSFV 2004 Motion and authorized TSFV to serve the subpoena (the "TSFV 2004 Order," ECF Doc. # 32).

On December 18, 2024, TSFV filed a motion (the "TSFV Motion to Compel," ECF Doc. # 39) seeking entry of an order compelling LaVecchia to appear for examination under oath pursuant to the TSFV 2004 Order. (Motion ¶ 16.) Among other things, the TSFV Motion to Compel sought entry of an order requiring LaVecchia to communicate with TSFV by January 21, 2025, to establish a time to sit for deposition that was to take place no later than February 10, 2025. (Joinder ¶ 2.) On January 10, 2025, the Court entered an order granting the TSFV Motion to Compel (the "TSFV Compel Order," ECF Doc. # 44), holding LaVecchia in contempt of the TSFV 2004 Order and ordering him to appear for examination within 30 days. (Motion ¶ 16.) The TSFV Compel Order also imposed sanctions in the amount of $1,000 per day for LaVecchia's failure to comply with each of the deadlines set forth in the TSFV Compel Order. (Joinder ¶ 2.) LaVecchia failed to respond to TSFV's counsel's request for availability and failed to communicate with TSFV or its counsel. (*Id*. ¶ 3.)

4

### D. The Motion

On February 11, 2025, the Trustee filed the Motion pursuant to section 707(a)(1) of the Bankruptcy Code. (Motion ¶ 20.) Section 707(a) permits a Bankruptcy Court to dismiss a chapter 7 bankruptcy case for cause, including for unreasonable delay that is prejudicial to creditors. (*Id.* ¶ 21.)

The Trustee argues that the Debtor's failure to provide documents to the Trustee, failure to appear for examination at a Section 341 Meeting, and continued failure to comply with these duties all constitute a violation of Bankruptcy Code sections 341, 343, and 521. (*Id.* ¶ 24.) Although LaVecchia was later designated as the person responsible for performing the Debtor's duties under the Designation Order, the Trustee indicates that LaVecchia has continued to fail to fulfill these obligations. (*Id.*) Further, based on Trustee's review of the limited documents produced by the Debtor, the Trustee has determined that the costs to pursue potential causes of action against LaVecchia or others, or to seek to compel LaVecchia to comply with the Bankruptcy Code and the Designation Order, would likely exceed any benefit to the estate of doing so. (*Id.* ¶ 17.)

The Motion notes that TSFV, which holds the largest claim against the Debtor, has represented to the Trustee that it does not oppose the dismissal of the chapter 7 Case. (*Id.* ¶ 18.) The Trustee states that the Debtor appears to have commenced this case to obtain the benefit of the automatic stay for LaVecchia in the TSFV Litigation, which was not successful. (*Id.* ¶ 26.) It is the Trustee's position that the Debtor has no intention of complying with its most basic obligations under the Bankruptcy Code and the Bankruptcy Rules. (*Id.*) The Trustee also believes that TSFV will not be prejudiced by dismissal of the Debtor's case because it may

5

continue to pursue the TSFV Litigation against LaVecchia, as well as claims against the Debtor in nonbankruptcy proceedings. (*Id.* ¶ 29.)

### E. The Joinder

On February 11, 2024, the same day the Trustee filed the Motion, TSFV joined in the Motion. (Joinder ¶ 1.) TSFV asserts that dismissal is warranted due to the Debtor's failure to respond to TSFV's request for availability and failure to communicate with TSFV, as required under the TSFV Compel Order, as well as for the reasons set forth in the Motion. (*Id.* ¶ 3.) Accordingly, TSFV joins in, adopts, and expressly incorporates by reference the arguments set forth in the Trustee's Motion. (*Id.* ¶ 4.)

## II. LEGAL STANDARD

### A. Debtor's Obligations Under the Bankruptcy Code

Pursuant to the section 343 of the Bankruptcy Code, a debtor is required to "appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." 11 U.S.C. § 343. Section 521 of the Bankruptcy Code mandates that a debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[,]" and to "surrender to the trustee . . . any recorded information, including books, documents, records, and papers, relating to property of the estate[.]" 11 U.S.C. §§ 521(a)(3), (4).

### B. Dismissal of Chapter 7 Cases for Cause Under 11 U.S.C. § 707(a)

Section 707 of the Bankruptcy Code provides a statutory mechanism for the dismissal of chapter 7 cases. Specifically, it provides that a court may dismiss a case under chapter 7 of the Bankruptcy Code after notice and a hearing and only for cause. 11 U.S.C. § 707(a). Section 707 lists three non-exclusive examples of what constitutes cause: (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees and charges required under

6

chapter 123 of title 28; and (3) failure of the debtor in a voluntary case to file, within fifteen days . . . the information required by paragraph (1) of section 521, but only on a motion by the United States trustee. *Id.*; *see also Smith v. Geltzer (In re Smith),* 507 F.3d 64, 72 (2d Cir. 2007) ("[T]he Bankruptcy Code does not define 'cause,' and the three examples given in section 707(a) are illustrative, not exclusive.") (citations omitted). Accordingly, "[a] bankruptcy court's decision to dismiss a case for cause under section 707(a) is guided by equitable considerations and is committed to the sound discretion of the bankruptcy court." *Wilk Auslander LLP v. Murray (In re Murray)*, 900 F.3d 53, 58 (2d Cir. 2018); *see also In re Oliver*, 279 B.R. 69, 70 (Bankr. W.D.N.Y. 2002) ("By its use of the word 'may,' § 707(a) imposes no mandate for the dismissal of any case, but reserves such outcome to the sound discretion of the court in those instances where cause is demonstrated").

"[U]nreasonable delay by the debtor that is prejudicial to creditors" is one of the examples of "cause" provided in section 707(a) of the Bankruptcy Code. *See* 11 U.S.C. § 707(a)(1). However, "[t]he Bankruptcy Code does not identify the precise type of conduct or behavior that would constitute 'unreasonable delay' thereby causing 'prejudice' to creditors." *In re Campbell*, No. 22-11414 (JPM), 2023 WL 4417325 at *3 (Bankr. S.D.N.Y. July 7, 2023) (quoting *In re Gaulden*, 522 B.R. 580, 589 (Bankr. W.D. Mich. 2014)). The mere fact that creditors are stayed from collecting debts during the pendency of the case is not the kind of prejudice that constitutes cause to dismiss. *In re Aiello,* 428 B.R. 296, 299 (Bankr. E.D.N.Y. 2010). Courts have found prejudicial delay, however, where a debtor has failed to timely file documents required by the Bankruptcy Code and other rules. *In re Campbell*, 2023 WL 4417325, at *3; *see In re Delone*, No. 06-10087 DWS, 2006 WL 3898390, at *2 (Bankr. E.D. Pa.

7

May 31, 2006) (finding prejudicial delay where debtor failed to pay fees, obtain credit counseling, or attend section 341 meetings).

In assessing whether there is cause for relief under section 707(a), a court must consider "the interests of both the debtors and creditors" and consider on a case-by-case basis whether there is sufficient "cause" to warrant dismissal. *In re Somers*, 448 B.R. 677, 680 (Bankr. S.D.N.Y. 2011) (citing *Dinova v. Harris (In re Dinova),* 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997)).

The party moving for dismissal bears the burden of proving cause by a preponderance of the evidence. *In re Ajunwa*, No. 11-11363 (ALG), 2012 WL 3820638, at * 6 (Bankr. S.D.N.Y. Sept. 4, 2012) (citing *In re Aiello*, 428 B.R. at 299).

### III.    DISCUSSION

Cause exists to dismiss the Debtor's chapter 7 case. The Debtor failed to produce the Requested Documents from July 2024 through September 2024. (Motion ¶¶ 9–11.) Entry of the Designation Order in September of last year, which assigned LaVecchia the responsibility to fulfill the Debtor's obligations, has not remedied the situation. (*Id*. ¶¶ 12–15.) To date, the designee, LaVecchia, has continuously failed to comply with the Designation Order and has not produced the Requested Documents to the Trustee. (*Id*.) As a result, the Section 341 Meeting has been adjourned a total of seven times over an eight-month period from July 2024 to February 2025, preventing any examination of the Debtor under oath.

Courts have routinely found that a debtor's failure to attend section 341 meetings and turn over requested documents to a chapter 7 trustee gives rise to unreasonable delay that is prejudicial to creditors. *See In re Wen Hua Xu*, 386 B.R. 451, 457 (Bankr. S.D.N.Y. 2008) (finding that cause for relief under section 707(a)(1) existed where there were "clear

8

misrepresentations in court filings, repeated failures to attend section 341 meetings, failures to produce business records and failures to fully and truthfully disclose assets and businesses held by the Debtor and his then co-debtor wife"); *see also In re Shuang*, No. 24-10996 (JLG), 2024 WL 4668429, at *5 (Bankr. S.D.N.Y. Nov. 4, 2024) (dismissing a case under 707(a)(1) where the debtor failed to file her schedules and a statement of financial affairs, failed to produce the requested documents to trustees, failed to appear at the section 341 Meeting, and refused to disclose her social security number).

As already noted, in assessing whether cause for dismissal exists under section 707(a), the Court must consider "the interests of both the debtors and creditors" and on a case-by-case basis whether there is "cause" sufficient to warrant dismissal. *In re Somers*, 448 B.R. at 680 (citing *In re Dinova,* 212 B.R. at 441–42). From the creditors' perspective, the issue is one of prejudice. *In re Schwartz*, 58 B.R. at 925. "They are generally not prejudiced by dismissal since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims. But creditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting amounts owed to them." *Id.*

Here, the Debtor's persistent noncompliance with the Trustee's document requests and repeated failure to appear at the Section 341 Meeting have severely delayed case administration and prejudiced creditors, warranting dismissal under section 707(a). Generally, the best interest of a debtor is in "securing an effective fresh start and in the reduction of administrative expenses leaving him with resources to work out his debts." *In re Dinova*, 212 B.R. at 441 (quoting *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986)) (internal quotations omitted). In this instance, the Debtor's continued failure to submit the Requested Documents to the Trustee,

9

failure to appear at the Section 341 Meetings, and failure to comply with the Designation Order demonstrate a lack of intent to fulfill its basic obligations, thus preventing any meaningful administration of the estate.

Moreover, although there is a considerable delay by the Debtor that has hindered creditors' ability to collect on valid claims, dismissal is unlikely to prejudice them. TSFV, the creditor holding the largest claims against the Debtor, has joined in the Motion, citing the Debtor's failure to comply with its obligations in the bankruptcy proceedings and asserting that dismissal is appropriate. (Joinder ¶¶ 2–3.) Furthermore, TSFV will not be prejudiced by dismissal, as it may continue pursuing the TSFV Litigation against LaVecchia and assert claims against the Debtor in nonbankruptcy proceedings. Likewise, dismissal will allow other creditors to actively pursue their claims against the Debtor through other appropriate legal channels, rather than remaining stalled in an otherwise unproductive bankruptcy case. Therefore, considering the interests of both the Debtor and creditors, the Debtor gains no benefit from continuing this case while repeatedly failing to comply with the Bankruptcy Code and its obligations, while creditors suffer undue harm due to the prolonged delay. Accordingly, dismissal serves the best interests of both parties.

The Court finds, therefore, that the Trustee has demonstrated by a preponderance of the evidence that the Debtor's conduct has caused unreasonable delay that is prejudicial to creditors. Dismissal pursuant to section 707(a)(1) is warranted.

## IV.   CONCLUSION

For the reasons explained above, the Motion is **GRANTED**.  The Debtor is barred from filing any new bankruptcy case under any chapter for a period of six months from the date of this Opinion.

**IT IS SO ORDERED.**

Dated:   February 28, 2024
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge